**Genadi BURCHULADZE; Natalia Burchuladze; Sopio Burchuladze, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70150.
Agency Nos. A77–820–602, A77–820–603, A77–820–604.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 17, 2004.

Genadi Burchuladze, San Francisco, CA, pro se.

Natalia Burchuladze, San Francisco, CA, pro se.

Sopio Burchuladze, San Francisco, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

### MEMORANDUM**

Genadi, Natalia, and Sopio Burchuladze, citizens of Georgia, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of Genadi Burchuladze's ("Burchuladze") application for asylum and withholding of removal. Burchuladze's wife and daughter are derivative applicants. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

Petitioners' challenge to the BIA's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Petitioners have not demonstrated that the incidents of harassment and discrimination claimed by Burchuladze compel the conclusion that he was persecuted on account of his religion. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.... That Nagoulko was fired from her job as a kindergarten teacher because of her religious beliefs, while discriminatory, is not the type of economic deprivation that rises to the level of persecution." (quotation marks and citation omitted)). The cemetery attack described by Burchuladze does not rise to the level of persecution either. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) ("The one incident of physical violence against Hoxha was not connected with any particular threat and there is no evidence indicating that the incident was officially sponsored.").

Substantial evidence also supports the IJ's determination that Burchuladze did not demonstrate a well-founded fear of future persecution, which requires "credible, direct, and specific evidence in the record ... that would support [an objectively] reasonable fear of persecution." *Singh v. INS,* 134 F.3d 962, 966 (9th Cir. 1998) (quotation marks and citation omitted). The record bears out the IJ's conclusion that Burchuladze has not met this standard. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000).

By failing to qualify for asylum, Petitioners necessarily fail to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). The adult Petitioners'

contention that hardship to their American citizen son may result from their removal to Georgia is a factor relevant to cancellation of removal, a type of relief not at issue here. *See* 8 U.S.C. § 1229(b)(1)(D).

**PETITION FOR REVIEW DENIED.**